UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED MASAD,<br><br>  Plaintiff,<br><br>  v.<br><br>TRANS UNION; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX, INC.,<br><br>  Defendants. | No.  1: 15-cv-474-KJM-GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION FOR FAILURE TO OBEY COURT ORDERS AND FOR FAILURE TO PROSECUTE** |

**INTRODUCTION**

Plaintiff, Mohamed Masad ("Plaintiff"), is proceeding pro se in this action.  On June 26, 2015, Defendant Equifax Inc. filed a stipulation of dismissal signed by Plaintiff, dismissing Equifax Inc. from this action with prejudice.  (Doc. 13).   On July 7, 2015, this Court issued a minute order ordering that no later than July 31, 2015, Plaintiff shall either: (1) file notices of dismissal with regard to Trans Union and Experian Information Solutions, the remaining two defendants in this action, or (2) if Plaintiff intends to pursue this litigation, show proof of service that these two defendants had been served. (Doc. 15).   Plaintiff was advised that failure to comply with this order would result in dismissal of this action.  Plaintiff failed to comply with that order.

1

On August 11, 2015, the Court issued an Order to Show Cause why the case should not be dismissed for failure to comply with the Court's July 7, 2015 order ("OSC").  Plaintiff was ordered to respond to the OSC no later than September 4, 2015.  (Doc. 16).   Plaintiff was again advised that failure to respond the OSC would result in dismissal of this action.  (Doc. 16, pg. 2).  To date, Plaintiff has failed to respond to the OSC as ordered.

## DISCUSSION

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260 61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423 24.

      In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action.  *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132 33; *Henderson*, 779 F.2d at 1424.  Both of the Court's orders advised Plaintiff that a failure to respond would result in dismissal of this action. (Doc. 15 and Doc. 16, at pg. 2).

///

///

///

///

///

///

///

///

///

///

///

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order, and for failure to prosecute this action

This Findings and Recommendation is submitted to the Honorable Kimberly J. Muller, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B). Within **fourteen (14)** days after being served with a copy, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 15, 2015**               **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE